AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means

☐ Original        ☐ ☐

CLERK'S OFFICE
A TRUE COPY
Jul 17, 2024
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Information associated with Facebook account<br>"Bobby Womack," Facebook.com/100021341979791,<br>stored at premises controlled by Meta Platforms, Inc. | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.  **24-M-445 (SCD)**

Matter No. 2022R00208

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before     7-31-24     *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to     Hon. Stephen C. Dries     .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*     ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:     7-17-24. 9:05 am _____        *[signature]* Stephen C. Dries
                                                                    *Judge's signature*

City and state:   Milwaukee, Wisconsin _____        Honorable Stephen C. Dries, U.S. Magistrate Judge
                                                                    *Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

### Matter No. 2022R00208

This warrant applies to information associated with the Facebook user ID "Bobby Womack," Facebook.com/100021341979791, that is stored at premises owned, maintained, controlled, or operated by Meta Platforms, Inc., a company headquartered at 1 Meta Way, Menlo Park, California.

1

## ATTACHMENT B

### Particular Things to be Seized

### Matter No. 2022R00208

**I.    Information to be disclosed by Meta Platforms, Inc. ("Meta")**

To the extent that the information described in Attachment A is within the possession, custody, or control of Meta, regardless of whether such information is located within or outside of the United States, including any messages, records, files, logs, or information that have been deleted but are still available to Meta, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Meta is required to disclose the following information to the government for each identifier listed in Attachment A:

(a)    **The following information associated with the user ID listed in Attachment A for the time period of April 17, 2022, to the date of this warrant's execution:**

i.    All contact and personal identifying information, for username **Bobby Womack, Facebook.com/100021341979791** including full name, user identification number, birth date, gender, contact e-mail addresses, physical address (including city, state, and zip code), telephone numbers, screen names, websites, and other personal identifiers.

ii.    All activity logs for the account and all other documents showing the user's posts and other Facebook activities;

iii.    All photos and videos uploaded by that user ID and all photos and videos uploaded by any user that have that user tagged in them, including Exchangeable Image File ("EXIF") data and any other metadata associated with those photos and videos;

iv.    All profile information; News Feed information; status updates; videos, photographs, articles, and other items; Notes; Wall postings; friend lists, including the friends' Facebook user identification numbers; groups and networks of which the user is a member, including the groups' Facebook group identification numbers; future and past event postings; rejected "Friend" requests; comments; gifts; pokes; tags; and information about the user's access and use of Facebook applications;

v.    All records or other information regarding the devices and internet browsers associated with, or used in connection with, that user ID, including the

1

hardware model, operating system version, unique device identifiers, mobile network information, and user agent string;

vi. All other records and contents of communications and messages made or received by the user including all Messenger activity, private messages, chat history, video and voice calling history, and pending "Friend" requests;

vii. All "check ins" and other location information;

viii. All IP logs, including all records of the IP addresses that logged into the account;

ix. All records of the account's usage of the "Like" feature, including all Facebook posts and all non-Facebook webpages and content that the user has "liked";

x. All information about the Facebook pages that the account is or was a "fan" of;

xi. All past and present lists of friends created by the account;

xii. All records of Facebook searches performed by the account;

xiii. All information about the user's access and use of Facebook Marketplace;

xiv. The types of service utilized by the user;

xv. The length of service (including start date) and the means and source of any payments associated with the service (including any credit card or bank account number);

xvi. All privacy settings and other account settings, including privacy settings for individual Facebook posts and activities, and all records showing which Facebook users have been blocked by the account; and

xvii. All records pertaining to communications between Facebook and any person regarding the user or the user's Facebook account, including contacts with support services and records of actions taken.

Meta is hereby ordered to disclose the above information to the government within 14 days of issuance of this warrant.

**(b)** **Information associated with each communication to and from the user ID listed in Attachment A for a period of 30 days from the date of this warrant, including:**

i. Any dialing, routing, addressing, and signaling information associated with each communication (including but not limited to account logins; posts and comments on a Facebook profile or webpage; photo or video uploads; direct/private messages; and Facebook chats, calls, and video calls) to or from the accounts described in Attachment A, including, without geographic limit: the date and time of the communication; source and destination information (including account and device identifiers and login and transactional IP addresses with associated port numbers); and any other header or routing information.

The Court has also issued an order pursuant to 18 U.S.C. § 3123, for such information associated with the user ID listed in Attachment A.

**(c)     Information about the location of the user ID listed in Attachment A for a period of 30 days, during all times of day and night, to include all available GPS data, latitude-longitude data, and other precise location information.**

i. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within Meta's possession, custody, or control, Meta is required to disclose the Location Information to the government. In addition, Meta must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Meta's services, including by initiating a signal to determine the location of the user ID listed in Attachment A on Meta's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Meta for reasonable expenses incurred in furnishing such facilities or assistance.

ii. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II.     Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence, and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) and 846 involving Lashawn DAVIS, Co-Actor 1, and others known and unknown, and of violations of Title 18, United States Code, Section 922(g), involving Lashawn DAVIS, since April 17, 2022, and all information that will assist in arresting DAVIS, who was charged by federal criminal

complaint on July 15, 2024 is the subject of an arrest warrant issued on the same day, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

The above includes, but is not limited to, information pertaining to the following matters:

(a) The possession, sale, and distribution of illegal drugs; prices, ledgers, and other records of payment for illegal drugs; the locations of activities concerning the possession, sale, and distribution of illegal drugs; photos, videos, and other records of illegal drugs; communications between co-conspirators; communications with buyers; communications with a source of supply.

(b) The possession of firearms, including photos, messages, and communications about such possession.

(c) Location information associated with the use of the Target Account.

(d) Evidence indicating how and when the Facebook account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Facebook account owner;

(e) Evidence indicating the Facebook account owner's state of mind as it relates to the crime under investigation;

(f) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).



CLERK'S OFFICE
A TRUE COPY
Jul 17, 2024
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Wisconsin

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

Information associated with Facebook account "Bobby Womack," Facebook.com/100021341979791, stored at premises controlled by Meta Platforms, Inc.

)
)
)
)
)
)
)
)

Case No.  **24-M-445 (SCD)**

Matter No. 2022R00208

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Sections 841 and 846; 18 U.S.C. Sections 922(g) and 2 | Possession with intent to distribute and distribution of a controlled substance; drug conspiracy; illegal firearm possession; aiding and abetting criminal activity |

The application is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Shane Hoffmann, FBI SA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____ telephone _____ *(specify reliable electronic means).*

Date:  7-17-24
_____

_____
*Judge's signature*

City and state:  Milwaukee, Wisconsin

Honorable Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Special Agent Shane Hoffmann, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.    I make this affidavit in support of an application for a search warrant for information associated with a certain Facebook account that is stored at premises owned, maintained, controlled, or operated by Meta Platforms, Inc. ("Meta"), a company headquartered in Menlo Park, California. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Meta to disclose to the government records and other information (including geolocation information), pertaining to the subscriber or customer associated with the Facebook user ID: **Bobby Womack, Facebook.com/100021341979791 (the "Target Account")**.

2.    I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since September 2015. I am currently assigned to the Milwaukee Division – Madison Resident Agency. Since becoming a Special Agent, I have received specialized training in conducting criminal investigations, and my responsibilities include conducting investigations of alleged criminal violations of federal statutes and laws including distribution and possession with intent to distribute controlled substances and conspiracy to do so (Title 21, United States Code §§ 841 and 846) as well as federal firearms laws (Title 18, United States Code, §§ 922 and 924), and money laundering laws (Title 18, United States Code, §§ 1956 and 1957).

1

3.    I have been trained in the identification and characteristics of a wide variety of controlled substances and have been involved in the execution of numerous drug search warrants since 2015. My training and experience include the investigation of controlled substance cases, more specifically the methods used by traffickers to import and distribute narcotics, interdiction, smuggling methods, and the concealment and laundering of proceeds from illicit drug trafficking activities. I am also familiar with the use of cell phones and other technical data to commit controlled substance offenses.

4.    The United States, including the FBI, is conducting a criminal investigation of Lashawn DAVIS, and others known and unknown, regarding violations of, among other crimes, 21 U.S.C. § 841 (possession with intent to distribute and distribution of a controlled substance), 21 U.S.C. § 846 (attempt and conspiracy to commit controlled substance offense), 18 U.S.C. § 922(g) (illegal firearm possession), and 18 U.S.C. § 2 (induce, counsel and aid and abet criminal activity). As part of that investigation, I have determined that DAVIS and Co-Actor 1 have combined on two separate occasions to possess with intent to distribute controlled substances, including approximately 10 pounds of methamphetamine in April 2022, and 240 grams of fentanyl in August 2023.

5.    On July 15, 2024, U.S. Magistrate Judge Stephen C. Dries issued an arrest warrant on a criminal complaint (see Case No. 24-M-442-SCD) that charges DAVIS with two counts of violations of 21 U.S.C. §§ 841, 846, and 2.

6.    With this warrant, I seek authorization to search DAVIS' known Facebook account for evidence of the crimes charged in the complaint, as well as evidence of illegal firearm possession, and authorization to collect historical and prospective location information

2

associated with DAVIS' known Facebook account to assist law enforcement in locating DAVIS for arrest on the outstanding warrant.

**PROBABLE CAUSE**

*Facts Underlying DAVIS' Pending Criminal Charges*

7.      As reflected in the criminal complaint issued earlier today, there is probable cause that on at least two occasions, DAVIS combined with Co-Actor 1 and others to transport and possess with the intention of distributing controlled substances. The first occasion started by at least April 17, 2022 and continued to at least April 18, 2022, and involved DAVIS, Co-Actor 1, and Adult Male 1 combining to obtain and transport 500 grams or more of a mixture and substance containing methamphetamine for distribution in the State and Eastern District of Wisconsin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 and 18 U.S.C. § 2 (hereinafter, the "methamphetamine offense"). The second occasion started by at least August 26, 2023, and continued to August 27, 2023 and involved DAVIS and Co-Actor 1 combining to transport and possess with the intention of distribution an amount of fentanyl beginning in the State and Eastern District of Wisconsin and continuing into the Western District of Wisconsin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2 (hereinafter, the "fentanyl offense").

*Methamphetamine Offense*

8.      On April 18, 2022, at approximately 11:40 pm., Whitestown Police Department Officer Whitney Lushin observed that Adult Male 1 was the driver and sole occupant of a Dodge Challenger car (Challenger) traveling at approximately 64-mph in a 55-mph construction zone on Interstate 65 in the City of Lebanon and State of Indiana. After stopping the Challenger, Officer Lushin identified Adult Male 1, of Chicago Illinois, as the driver and observed the odor of

3

marijuana coming from inside the car. Officer Lushin also observed a toolkit in the rear passenger seat. Adult Male 1 advised the Challenger was possessed by his cousin and Officer Lushin identified it as a Hertz Rental car. Adult Male 1 advised that he traveled to Atlanta, GA to see his cousin, stayed one day, and then was given the Challenger to drive back to Chicago.

9. Officer Lushin searched the Challenger and found a Philips head screwdriver under the front passenger seat that appeared to match the toolkit observed on the back seat. Officer Lushin knows that screwdrivers as found in this case can be used to manipulate or dismantle parts of the car to hide controlled substances. Upon further searching the Challenger, Officer Lushin observed a slit of the steering column had been manipulated and, upon looking inside, saw a vacuumed sealed package believed to contain a controlled substance. Officer Lushin opened the glove compartment and observed a panel containing screws that had tool markings consistent with them being recently manipulated for purposes of hiding controlled substances. Officer Lushin also looked in the passenger side vent and observed the edge of another vacuum sealed package. At that point, Officer Lushin stopped further searching and Whitestown Police Officer Sellers obtained a search warrant for the Challenger.

10. After the search warrant was obtained, I know that officers continued their search of the Challenger, including removal of the glove compartment panel. Upon doing so, officers recovered two vacuumed sealed plastic bags containing a white crystal-like substance. Additional packages of white substance were located behind the car radio. In total, ten vacuumed sealed bags, weighing approximately 10.76 pounds, each containing a white substance were seized and removed from the car. The ten baggies were sent to the DEA North Central Laboratory where it was confirmed that the total approximate weight of the substance was 4.44 kilograms, and a representative sample of the white substance was determined to be

4

methamphetamine with an 86% purity. Given the circumstances set forth in this affidavit coupled with the quantity of controlled substance, I believe the methamphetamine was possessed with the intention to distribute to Co-Actor 1 in the Eastern District of Wisconsin.

11. My further investigation revealed that Co-Actor 1 rented the above-described Challenger from a Hertz Rental car store on April 17, 2022, at approximately 11:44 am, that was located at the Atlanta International Airport, Georgia. Location data pertaining to the phone associated with Co-Actor 1 confirmed he was at the Atlanta airport at the approximate time the Challenger was rented.

12. My further investigation confirmed that location data for DAVIS' cell phone establish that he was in Atlanta at that same approximate time. More specifically, I know from searching two cell phones seized from DAVIS in August 2023 that he used both an iPhone 14 Pro Max and an iPhone 11. The iPhone 14 contained location information that established DAVIS was in the Milwaukee, Wisconsin area on April 14, 2022. The location information then shows that DAVIS possessed the phone on April 16, 2022, at approximately 2:33 p.m. when he was located in the Glendale Junction area of Kentucky. I also located on that phone two movie files showing an individual, who I believe to be DAVIS, holding a Springfield Arms XDM 10 mm handgun with serial number BA534754. Those movie files appear to have been created on April 16, 2022, at 2:55 pm in the Glendale Junction, Kentucky area. One minute later, Davis sent a Facebook message that he has "10mm x onna market too." Approximately one hour later, DAVIS created two pictures of the XDM 10 mm handgun. While possessing the handgun, I believe DAVIS is in the driver's seat of a Dodge Ram TRX truck. I know that a 2021 Dodge Ram TRX truck was reported stolen from the Louisville (Kentucky) airport sometime between April 14, 2022, and April 17, 2022. The owner of the truck advised that his Springfield Arms

5

XDM 10 mm handgun with serial number BA534754 was located inside the truck. DAVIS' location data from the two cell phones establish that on April 17, 2022, DAVIS was located just north of the Hartsfield-Jackson Airport in Atlanta. DAVIS is next located on April 18, 2022, at 10:48 am in the area of Peachtree Road, Atlanta. Finally, DAVIS is located on April 19, 2022, at approximately 12:58 a.m. in the area of Highway 80 in Gary, Indiana. I believe this location information established that DAVIS was in Kentucky at the time the Dodge Ram TRX was stolen and likely in that truck at the time he possessed the XDM handgun. I also know that in Kentucky, receiving or retaining possession of a stolen firearm is a Class D felony pursuant to Statute 514.110. Further, DAVIS then traveled to Atlanta where, as further described below, he met with Adult Male 1 and provided him with the Challenger containing the methamphetamine. DAVIS' location data is then consistent with DAVIS traveling in proximity with Adult Male 1 as he drove the Challenger containing the methamphetamine intended for distribution to Co-Actor 1 in Wisconsin.

13. I have reviewed the text message conversation between Adult Male 1 and Co-Actor 1 after I obtained a federal search warrant for Co-Actor 1's iCloud records. Those records showed that on April 17, 2022, Co-Actor 1 and Adult Male 1 had the following communications: (1) Adult Male 1: "You still need me?" (2) Co-Actor 1: "if you can" (3) Adult Male 1: "you need me to drive down there? (4) Co-Actor 1: "Drive up" and "Alaska air 4E6UQB from midway flight is at 6:45 be there at 5." On April 18, 2022, Co-Actor 1 and Adult Male 1 had further conversation including Adult Male 1 advising Co-Actor 1 he needed an "uber" ride to the airport and later that morning texting Co-Actor 1 that he "made it." That afternoon, Adult Male 1 asked Co-Actor 1 "where I'm taking the car to?" Co-Actor 1 responded "my crib." Adult Male 1 then asked Co-Actor 1 "Can I bring it after work tomorrow." Co-Actor 1 responded "nah I got shit in

6

there." Adult Male 1 then replied "Ite I'm catching a Uber back to the city." I know that Co-Actor 1 resided in Pleasant Prairie, State and Eastern District of Wisconsin, and had the Challenger not been stopped, the methamphetamine would have been delivered to Co-Actor 1 at that location.

14. As part of my investigation, I also spoke with a confidential informant (CI-1) who I believe is truthful and reliable because the information provided has in part been corroborated. CI-1 is providing this information with the intention of receiving cooperation credit on uncharged criminal matters being investigated within the Eastern District of Wisconsin and elsewhere. CI-1 advised that CI-1 knows that Lashawn DAVIS met with Adult Male 1 in Atlanta, Georgia and provided Adult Male 1 with the above-described Challenger that contained methamphetamine later seized by law enforcement in Indiana. DAVIS drove a truck and followed Adult Male 1 from Atlanta to Indiana when the Challenger was stopped by law enforcement. DAVIS continued past the traffic stop and continued to Wisconsin. CI-1 stated that the methamphetamine was placed into the Challenger prior to Adult Male 1 traveling to the intended destination of Pleasant Prairie, State and Eastern District of Wisconsin.

15. Based on the forgoing, I believe that DAVIS assisted Co-Actor 1 in providing Adult Male 1 with the Challenger containing the methamphetamine intended for distribution to Co-Actor 1 in Wisconsin. Based on my investigation, I know that Co-Actor 1 and DAVIS have known each other since at least June 2021 based on phone toll records for DAVIS and Co-Actor 1. I also know that DAVIS and Co-Actor 1 combined to steal cars in March 2022 and thereafter from locations including Mitchell Airport, Milwaukee.

*Fentanyl Offense*

16.     Based on my review of Wisconsin State Trooper reports, I further know that on August 27, 2023, at approximately 11:13 a.m., Troopers Chambers and Digre attempted to stop the driver of a 2014 Chevrolet Impala car operating in the La Crosse, State and Western District of Wisconsin area, later found to be driven by DAVIS. Trooper Chambers reports the driver of the vehicle was speeding and after Trooper Digre activated his squad lights, DAVIS increased the speed of his car and eventually exited the car running into the woods. As he fled the Troopers, DAVIS threw a white baggie over the interstate fence before being arrested. Troopers arrested DAVIS and recovered the white bag, and the substance was found to weigh 240 grams and determined to be a mixture and substance of fentanyl by the DEA-North Central Laboratory.

17.     Troopers conducted a further search of the Impala and located a 9mm bullet[1] and marijuana nugget in the center arm rest. In the trunk of the car, troopers recovered two freezer bags of an unknown material as well as a duffle bag that contained multiple digital scales, rolls of freezer wrapped packaging, multiple nutra-bullet blenders, and Acetone. I know that these items are used in the production and sale of controlled substances. Further, I know that DAVIS has driven this car on multiple occasions prior to his arrest. That Impala is registered to Executive Rent a Car, Racine, WI that I know to be an LLC associated with Co-Actor 1 and his girlfriend. After being advised of his *Miranda* rights, DAVIS waived those rights and denied knowing anything about the items in the car. DAVIS stated he was traveling to La Crosse to see his Uncle James, although he could not provide an address for "James" and continued to provide vague answers.

---

[1] Due to a felony conviction in April 2023 (Milwaukee County Circuit Court Case No. 2022CF002582), Davis is legally barred from possessing firearms and ammunition. *See* 18 U.S.C. § 922(g)(1).

8

18.     Law enforcement searched, pursuant to a search warrant, two cell phones possessed by DAVIS and seized at the time of his arrest. I believe these are DAVIS' phones as photographs of him are contained within as well as text message exchanges with family members or girlfriends consistent with them being DAVIS' phones. Upon reviewing the phones, I observed that DAVIS has multiple text messages with others involving the sale and purchase of controlled substances. On August 26, 2023, DAVIS received a money payment for the previous sale of a controlled substance. DAVIS also negotiated and brokered an anticipated multiple-pound methamphetamine purchase from Co-Actor 2 on behalf of Co-Actor 1. In exchange for the methamphetamine, Co-Actor 1 was to supply money and possibly a truck. That transaction did not occur due to DAVIS' arrest.

19.     DAVIS' cell phones also contained evidence of his agreement with Co-Actor 1 and others, concerning the fentanyl he discarded while running from State Patrol. The phone text messages make clear that DAVIS traveled with the fentanyl in his car that day under the counsel and inducement of Co-Actor 1 having departed from his residence in Milwaukee for the purpose of delivering it to an associate of Co-Actor 1 in the La Crosse area. GPS and location information confirm that DAVIS departed his Milwaukee residence prior to 9:00 a.m. and was not believed to have stopped anywhere prior to his arrest. During the travel, DAVIS was in regular cell phone contact with Co-Actor 1. At one point, Co-Actor 1 sent a screen shot of a Farm and Fleet store in Winona, MN and asked, "see how far." DAVIS advised Co-Actor 1 that he did not see the intended address but shortly thereafter, said he was 80 minutes from that location. Co-Actor 1 advised DAVIS that "he running late behind you 1 hr 27." I believe these messages are consistent with Co-Actor 1 coordinating a meeting between DAVIS and the intended recipient of the fentanyl.

9

20. I believe that text messages from the day prior to DAVIS' arrest suggest Co-Actor 1 and DAVIS met in Milwaukee. Following that meeting, DAVIS sent a text message to Adult Female 1 that he had to be awake the following day "to drop sum off 3 hrs away." Further, I know while traveling to La Crosse, DAVIS sent a text message to Adult Female 2 that he was driving "3 hrs from my house deeper in Wisconsin." I know that the trip from Milwaukee to La Crosse is approximately three hours. Thus, I believe on the day before DAVIS' travel, he met with Co-Actor 1, obtained the fentanyl, and traveled with it the next day on behalf of Co-Actor 1 for purposes of delivering it to a customer of Co-Actor 1.

21. I am also aware, based on a review of Co-Actor 1's cell phone authorized pursuant to a federal search warrant, that Co-Actor 1 communicated on August 27, 2023, with the user of phone number XXX-XXX-5544, who I believe is a family member of Co-Actor 1 as he is referred to as "pops." On that day, "Pops" sent an address to Co-Actor 1 detailing a Fleet Farm Store in Winona, Minnesota. Co-Actor 1 then relayed this to DAVIS as the meeting point. Co-Actor 1 and "Pops" continued to discuss logistics of the meet including estimated time of arrival and the type of car DAVIS was in. Co-Actor 1 eventually texted "Pops" that "They got him," in what I believe is a reference to the Wisconsin State Patrol arresting DAVIS.

22. DAVIS' phones also contain hundreds of photos of firearms. DAVIS, a convicted felon, is legally barred from possessing firearms.

### *DAVIS' Facebook Use*

23. The two cell phones recovered during the traffic stop of DAVIS on August 27, 2023, in La Crosse County, Wisconsin, both were connected to a Facebook user account in the name "Bobby Womack," Facebook.com/100021341979791 (the "**Target Account**"). The phones also had associated phone numbers that investigators had linked to DAVIS.

10

24. Portions of the **Target Account** are public and therefore can be viewed by anyone.

25. A review of Facebook messages on the **Target Account** account showed that on or around April 17, 2023, Facebook user S.H. messaged the **Target Account**, "Lashawn! That's the wrong reason to have a kid dude."

26. A review of Facebook messages showed that on or around August 21, 2023, Facebook user L.N. messaged the **Target Account**, "So u not finna marry me lashaun?"

27. On June 4, 2024, I identified DAVIS in numerous pictures from the **Target Account** by comparing them to known photographs of DAVIS.

28. DAVIS is very active on the **Target Account** recently, as exemplified below:

   a. On July 14, 2024, DAVIS made a post about the weather.
   b. On July 13, 2024, DAVIS made a post about chasing money.



29. Some of DAVIS' posts on the **Target Account** reference controlled substances and/or firearms. For example:





30.    DAVIS is a convicted felon and therefore legally precluded from possessing firearms.

31. Based on the above, there is probable cause to believe that the Target Account contains evidence of DAVIS violating federal statutes related to drug trafficking and firearm possession. There is also probable cause to believe the prospective location information associated with the account's use will assist law enforcement in locating DAVIS to effectuate his arrest on an outstanding federal arrest warrant. Law enforcement has not, to date, been successful in locating DAVIS at known previous addresses.

## TECHNCIAL BACKGROUND[2]

32. Meta is a United States company that owns and operates Facebook, a social media platform, and is a provider of electronic communications services and remote computing services as defined by 18 U.S.C. §§ 2711(2) and 3127(1). Users can access Facebook and register for an account, like the target account listed in Attachment A, via its website (facebook.com) or via its mobile applications (Facebook and Messenger). Each Facebook account is assigned a unique user ID number and may also be associated with a unique user-created username. Users can periodically change their usernames but no two users can have the same username at the same time.

33. Facebook users can create, view, share, and interact with news, images, videos, and other information and can communicate in real-time with other users through text, voice, and video messaging. Accounts can also be used for event planning, buying and selling items,

---

[2] The information in this section is based on my training and experience, and on information published by Meta on its Facebook website, including, but not limited to, the following webpages:
https://www.facebook.com/privacy/policy ("Privacy Policy");
https://www.facebook.com/about/basics/manage-your-privacy/location ("Location");
https://www.facebook.com/help/278928889350358 ("How Location Settings Work"); and
https://www.facebook.com/help ("Help Center").

14

payments, gaming, fundraising, and to interact with groups, businesses, and other online platforms.

34. Meta uses information about the location of its Facebook users for business purposes and to enhance the functionality of its platform, such as to personalize and target advertisements, display local news stories, suggest nearby events, and detect suspicious account activity. Location determinations are informed by connection records, device-based data, and user-generated information. Examples of data used by Meta to determine a user's location include IP addresses, Global Position System ("GPS") data, "check-ins," and event responses. Meta also uses this data to estimate the city or town where the user is situated, which Meta refers to as the user's "Primary Location."

35. Meta collects geolocation data, which it refers to as "precise location information," from a user's device if each of the following conditions are met. First, the Facebook mobile application must be installed on the device. Second, a user of that device must have granted "permission" through the device's operating system for the mobile application to receive and transmit location data to Meta. Third, a user of that device must have enabled "location services" through the device's operating system. Fourth, the mobile application must be logged into a Facebook account and, if required by the permission or other settings, be in active use.

36. This proposed search warrant seeks the historical and prospective production of geolocation information collected and retained by Facebook in the normal course of business. Meta produces geolocation data to law enforcement as datapoints consisting of a latitude, longitude, and timestamp. According to Meta, it retains only one such datapoint for an account, with each subsequent datapoint replacing the prior. Based on my training and experience, I

15

know that Meta can produce that stored datapoint, which it refers to as "Last Location," and it can also produce subsequent datapoints on a rolling basis.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

37.     I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Meta to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

## CONCLUSION

38.     Based on the foregoing, I request that the Court issue the proposed search warrant.

39.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. The government will execute this warrant by serving it on Meta. Because the warrant will be served on Meta, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

40.     This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the U.S. District Court for the Eastern District of Wisconsin "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

16

41.    Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

17

Case 2:24-mj-00445-SCD    Filed 07/17/24    Page 25 of 30    Document 1

## ATTACHMENT A

## Property to Be Searched

## Matter No. 2022R00208

This warrant applies to information associated with the Facebook user ID "Bobby Womack," Facebook.com/100021341979791, that is stored at premises owned, maintained, controlled, or operated by Meta Platforms, Inc., a company headquartered at 1 Meta Way, Menlo Park, California.

1

## ATTACHMENT B

### Particular Things to be Seized

### Matter No. 2022R00208

I. **Information to be disclosed by Meta Platforms, Inc. ("Meta")**

To the extent that the information described in Attachment A is within the possession, custody, or control of Meta, regardless of whether such information is located within or outside of the United States, including any messages, records, files, logs, or information that have been deleted but are still available to Meta, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Meta is required to disclose the following information to the government for each identifier listed in Attachment A:

(a) **The following information associated with the user ID listed in Attachment A for the time period of April 17, 2022, to the date of this warrant's execution:**

i. All contact and personal identifying information, for username **Bobby Womack, Facebook.com/100021341979791** including full name, user identification number, birth date, gender, contact e-mail addresses, physical address (including city, state, and zip code), telephone numbers, screen names, websites, and other personal identifiers.

ii. All activity logs for the account and all other documents showing the user's posts and other Facebook activities;

iii. All photos and videos uploaded by that user ID and all photos and videos uploaded by any user that have that user tagged in them, including Exchangeable Image File ("EXIF") data and any other metadata associated with those photos and videos;

iv. All profile information; News Feed information; status updates; videos, photographs, articles, and other items; Notes; Wall postings; friend lists, including the friends' Facebook user identification numbers; groups and networks of which the user is a member, including the groups' Facebook group identification numbers; future and past event postings; rejected "Friend" requests; comments; gifts; pokes; tags; and information about the user's access and use of Facebook applications;

v. All records or other information regarding the devices and internet browsers associated with, or used in connection with, that user ID, including the

1

hardware model, operating system version, unique device identifiers, mobile network information, and user agent string;

vi. All other records and contents of communications and messages made or received by the user including all Messenger activity, private messages, chat history, video and voice calling history, and pending "Friend" requests;

vii. All "check ins" and other location information;

viii. All IP logs, including all records of the IP addresses that logged into the account;

ix. All records of the account's usage of the "Like" feature, including all Facebook posts and all non-Facebook webpages and content that the user has "liked";

x. All information about the Facebook pages that the account is or was a "fan" of;

xi. All past and present lists of friends created by the account;

xii. All records of Facebook searches performed by the account;

xiii. All information about the user's access and use of Facebook Marketplace;

xiv. The types of service utilized by the user;

xv. The length of service (including start date) and the means and source of any payments associated with the service (including any credit card or bank account number);

xvi. All privacy settings and other account settings, including privacy settings for individual Facebook posts and activities, and all records showing which Facebook users have been blocked by the account; and

xvii. All records pertaining to communications between Facebook and any person regarding the user or the user's Facebook account, including contacts with support services and records of actions taken.

Meta is hereby ordered to disclose the above information to the government within 14 days of issuance of this warrant.

2

**(b)** **Information associated with each communication to and from the user ID listed in Attachment A for a period of 30 days from the date of this warrant, including:**

    i. Any dialing, routing, addressing, and signaling information associated with each communication (including but not limited to account logins; posts and comments on a Facebook profile or webpage; photo or video uploads; direct/private messages; and Facebook chats, calls, and video calls) to or from the accounts described in Attachment A, including, without geographic limit: the date and time of the communication; source and destination information (including account and device identifiers and login and transactional IP addresses with associated port numbers); and any other header or routing information.

The Court has also issued an order pursuant to 18 U.S.C. § 3123, for such information associated with the user ID listed in Attachment A.

**(c)** **Information about the location of the user ID listed in Attachment A for a period of 30 days, during all times of day and night, to include all available GPS data, latitude-longitude data, and other precise location information.**

    i. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within Meta's possession, custody, or control, Meta is required to disclose the Location Information to the government. In addition, Meta must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Meta's services, including by initiating a signal to determine the location of the user ID listed in Attachment A on Meta's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Meta for reasonable expenses incurred in furnishing such facilities or assistance.

    ii. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence, and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) and 846 involving Lashawn DAVIS, Co-Actor 1, and others known and unknown, and of violations of

3

Title 18, United States Code, Section 922(g), involving Lashawn DAVIS, since April 17, 2022, and all information that will assist in arresting DAVIS, who was charged by federal criminal complaint on July 15, 2024 is the subject of an arrest warrant issued on the same day, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

The above includes, but is not limited to, information pertaining to the following matters:

(a) The possession, sale, and distribution of illegal drugs; prices, ledgers, and other records of payment for illegal drugs; the locations of activities concerning the possession, sale, and distribution of illegal drugs; photos, videos, and other records of illegal drugs; communications between co-conspirators; communications with buyers; communications with a source of supply.

(b) The possession of firearms, including photos, messages, and communications about such possession.

(c) Location information associated with the use of the Target Account.

(d) Evidence indicating how and when the Facebook account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Facebook account owner;

(e) Evidence indicating the Facebook account owner's state of mind as it relates to the crime under investigation;

(f) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

4